IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FLORA F. FRENCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 5:04-CV-389 (CAR) |
| ) | |
| J. BARRY SELLERS, an individual, ) | |
| CROCKETT R. SELLERS, an individual, ) | |
| and SELLERS MANAGEMENT SERVICES, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO AMEND AND TO ADD A PARTY PLAINTIFF**

**I.   INTRODUCTION**

Plaintiff Flora F. French ("French") instituted this action against Defendants J. Barry Sellers ("Barry Sellers"), Crockett R. Sellers ("Crockett Sellers") and Sellers Management Services, LLC ("Sellers Management"), alleging that Barry Sellers made certain misrepresentations and omissions in connection with Crockett Sellers's purchase of French's interest in Wilkinson Kaolin Associates, LLLP ("WKA"), a Georgia Limited Liability Limited Partnership operated by Sellers Management. French alleges Defendants are either jointly or individually liable for: (1) violations of Rule 10b-5 of the Securities Exchange Act; (2) breach of fiduciary duties; (3) fraud; (4) unjust enrichment; (5) conspiracy; and (6) punitive damages. (1st Am. Compl., doc. 31.)  Before this Court is French's Motion for Leave to File Amended Complaint and to Add a Party Plaintiff (doc. 32).  For the reasons stated below, French's motion is **DENIED**.

1

## II. LEGAL DISCUSSION

In her motion, French seeks: (1) to add William L. Terral ("Terral") as a party plaintiff; and (2) to file a Second Amended Complaint reflecting the joinder of Terral and his claims against Defendants to this action. (Pl.'s Mot. Add Party, doc. 32, at 1.) Defendants oppose Terral's joinder, arguing that French cannot satisfy the permissive-joinder requirements outlined in Federal Rule of Civil Procedure 20(a).

A party seeking to join a party under Rule 20 must demonstrate: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. Fed. R. Civ. P. 20(a).[1] "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of the disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000). Courts have wide discretion in determining whether to add a party under Rule 20(a). *Arrington v. City of Fairfield, Ala.*, 414 F.2d 687, 693 (5th Cir. 1969);[2] *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). This discretion allows a court to consider, in

---

[1] Rule 20(a) provides, in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

addition to Rule 20's requirements, "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Chavez*, 251 F.3d at 632 (internal citations and quotation marks omitted). If joinder would create "prejudice, expense, or delay," the court may deny the motion. *Id.*; *see also* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. 1998).

The "relevant factors" of this case beyond those outlined in Rule 20(a) counsel against adding William L. Terral as a plaintiff. Discovery concluded over six months ago, and adding Terral as a plaintiff would force the parties to reopen discovery at a substantial cost to Defendants. To defend against Terral's claims, Defendants would, at a minimum, need to depose Terral, as well as any other relevant witnesses (e.g., Terral's certified public accountant, Gregory M. Verges) to Terral's transaction with Barry Sellers. Adding Terral as a plaintiff would also delay the ultimate resolution of this case. Following the close of discovery, Defendants filed a Motion for Summary Judgment (doc. 34), which is currently awaiting this Court's disposition. The Court also notes that French could have moved to add Terral as a plaintiff as early as 2004, when she filed the instant action. Instead, however, French sought to add Terral <u>after</u> the close of discovery.[3] Based on the foregoing, the Court cannot grant French's Motion to Add a Party Plaintiff because to do so would result in added prejudice, expense, and/or delay to Defendants. French's motion, as it relates to her request to file her Second Amended Complaint reflecting the addition of Terral

---

[3] The Court also notes that the likelihood of French meeting the requirements for joinder under Rule 20(a) is questionable at best. *See* **Papagiannis v. Pontikis**, 108 F.R.D. 177, 178 (N.D. Ill. 1985) (finding that Rule 20's "same transaction or occurrence" requirement does not apply to two victims' wholly separate encounters with a defendant simply because he followed the same or similar routine in defrauding them).

and his claims, is similarly denied.

## III. CONCLUSION

For the reasons stated above, French's Motion for Leave to File Amended Complaint and to Add a Party Plaintiff (doc. 32) is hereby **DENIED**. In light of the Court's foregoing determination, Defendants' Motion to Strike (doc. 38) all allegations and exhibits in French's proposed Second Amended Complaint relating to Joyce D. Harris is **MOOT**.

SO ORDERED, this 14th day of March, 2007.

<u>/s/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

JAB/aeg