IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FLORA F. FRENCH,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: 5:04-CV-389 (CAR) |
| v. : | |
| : | |
| **J. BARRY SELLERS,** an individual; : | |
| **CROCKET R. SELLERS,** an individual; : | |
| and **SELLERS MANAGEMENT** : | |
| **SERVICES, LLC;** : | |
| : | |
| Defendants. : | |

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIAM L. TERREL,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: 5:07-CV-73 (CAR) |
| v. : | |
| : | |
| **J. BARRY SELLERS,** an individual, : | |
| and **SELLERS MANAGEMENT** : | |
| **SERVICES, LLC,** : | |
| : | |
| Defendants. : | |

_____

### ORDER ON MOTION TO CONSOLIDATE

Before the Court are Plaintiffs' Flora F. French's ("French") Motion to Consolidate [Doc. 58] and William L. Terrel's ("Terrel") Motion to Consolidate [Doc. 9]. In them, Plaintiffs request that this Court consolidate the above-styled civil actions because they involve common questions of law and fact. Defendants filed a Response [Doc. 63], and Plaintiffs thereafter filed a

timely Reply [Doc. 64].

After review of the parties' arguments and the relevant authorities, the Court finds that the two actions should be consolidated. Accordingly, and for the reasons discussed below, Plaintiffs' Motions to Consolidate are hereby **GRANTED**.

## I.  Background

Both of the above-styled actions stem from the sales of French's and Terrel's limited partnership units in Wilkinson Kaolin Associates, LLLP ("WKA"), a Georgia Limited Liability Limited Partnership managed by Defendant Sellers Management Services, LLC. In their respective suits, Plaintiffs assert claims of breach of fiduciary duty, common law fraud, and securities fraud in connection with the sales of their limited partnership units, alleging that Defendant Barry Sellers misrepresented and withheld material facts regarding the business and financial affairs of WKA.

Plaintiffs argue that the two actions should be consolidated because they share numerous issues of law and fact, and consolidation would further the interests of economy and efficiency under Federal Rule of Civil Procedure 42(a). Defendants, on the other hand, contend that French's and Terrel's claims differ in time, place, and circumstances; arise from separate transactions and occurrences; and therefore should not be consolidated.

## II.  Analysis

Rule 42(a) of the Federal Rules of Civil Procedure allows a district court judge to consolidate actions pending before the court "[w]hen actions involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). A district court's decision under Rule 42(a) is purely discretionary. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

In exercising its discretion, the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives."

Id. (citations omitted). The Court must also consider the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury and by controlling the manner in which claims and defenses are submitted to the jury. Id. "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion." Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995) (internal quotations and citations omitted).

The Court finds that these actions are appropriate for consolidation: both allege the same core causes of action (ie., breach of fiduciary duty, common law fraud, and securities fraud) based on the same core events. The claims are closely related both factually and legally. French and Terrel were both limited partners in WKA who sold their limited partnership interests to Defendant Sellers or members of Sellers' family during a time when Sellers was attempting to sell WKA and allegedly withholding material facts from WKA's limited partners. Both Plaintiffs intend to prove that Sellers wrongfully deceived WKA limited partners, including themselves, as to the true value of their partnership interest and concealed material information about WKA's business and financial affairs that would have influenced their decision to sell their interests.

3

Although the specific circumstances of each case are factually different, the Court finds that a jury will be able to distinguish between the two cases and keep track of the evidence concerning the Plaintiffs' respective claims. Moreover, Defendants' concerns regarding potential prejudice and confusion may be mitigated by cautionary instructions to the jury. Finally, due to the common issues of law and fact, consolidation will economize both judicial resources and the resources of the parties. The legal theories, facts, and evidence central to Plaintiffs' claims overlap, and the parties are represented by the same counsel in both actions.

Accordingly, Plaintiffs' Motions for Consolidation are hereby **GRANTED**.

**SO ORDERED.** This 10th day of July, 2007.

                                                    S/ C. Ashley Royal  
                                                    C. ASHLEY ROYAL  
                                                        UNITED STATES DISTRICT JUDGE

SSH/aeg